IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KEVIN A. ASHBY, | ) | 8:08CV256 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| BANK OF THE WEST, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff filed his Complaint in this matter on June 23, 2008. (Filing No. 1.) Plaintiff has been given leave to proceed in forma pauperis. The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff filed his Complaint on June 23, 2008, against Bank of the West. (Filing No. 1 at CM/ECF p. 1.) Bank of the West is a licensed financial institution operating in Nebraska. (*Id.* at CM/ECF p. 1.) Plaintiff is an African-American who resides in Omaha, Nebraska. (*Id.*)

Condensed and summarized, Plaintiff alleges that Defendant charged him $33.00 on June 19, 2008, for an overdraft on his checking account. (*Id.* at CM/ECF p. 5.) Plaintiff went to the bank to object to the charge in person, but Defendants "ultimately refused to reverse [Plaintiff's] unwanted bank fee." (*Id.* at CM/ECF pp. 5-6.) Plaintiff believes he was subject to "disagreeable treatment" during this encounter. (*Id.* at CM/ECF p. 6.)

Plaintiff alleges that Defendant's negligent account management caused him tremendous financial hardship and inconvenience. (*Id.* at CM/ECF p. 7.) In addition, Plaintiff states that he "suffered severe aggravation of his [mental] illness." (*Id.*) Plaintiff seeks monetary relief in the form of "compensatory and punitive damages." (*Id.* at CM/ECF p. 8.) Plaintiff also seeks costs and attorneys fees, and any other damages "which the Court deems proper and just." (*Id.*)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

### III. DISCUSSION OF CLAIMS

### A. Plaintiff's Title I Claim

Plaintiff asserts a claim under Title I of the Civil Rights Act of 1964. (Filing No. 1 at CM/ECF p. 2.) However, Title I addresses discrimination with respect to voting rights. *See* 42 U.S.C. § 1971. Even with the most liberal construction, Plaintiff's alleged facts do not implicate his voting rights. Therefore, Plaintiff's Title I claims are dismissed.

### B. Plaintiff's Title II Claim

Plaintiff also asserts a claim under 42 U.S.C. § 2000a, which requires that "[a]ll persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin." 42 U.S.C. § 2000a. However, a plaintiff seeking to enforce the substantive provisions of this section can only obtain injunctive relief. *See* 42 U.S.C. § 2000a-3; *Newman v. Piggie Park Enters., Inc.*, 390 U.S. 400, 402 (1968). Here, Plaintiff only seeks monetary damages. (Filing No. 1 at CM/ECF p. 8.) For this reason, Plaintiff's claims under 42 U.S.C. § 2000a must be dismissed.

### C. Plaintiff's Title III Claim

Last, Plaintiff asserts a claim "under Title III of the Americans with Disabilities Act, 42 U.S.C. 12182." (Filing No. 1 at CM/ECF p. 2.) Title III prohibits any person who owns, leases, or operates a place of public accommodation from discriminating

3

against an individual on the basis of that individual's disability. See 42 U.S.C. § 12182(a). "A person alleging discrimination under Title III must show (1) that he is disabled within the meaning of the ADA, (2) that the defendant is a private entity that owns, leases, or operates a place of public accommodation, (3) that the defendant took adverse action against the plaintiff that was based on the plaintiff's disability, and (4) that the defendant failed to make reasonable modifications that would accommodate the plaintiff's disability without fundamentally altering the nature of the public accommodation." *Amir v. St. Louis Univ.*, 184 F.3d 1017, 1027 (8th Cir. 1999). As with Plaintiff's second claim, Title III does not provide a private right of action for damages. *See* 42 U.S.C. § 12188(a)-(b); 42 U.S.C. § 2000a-3(a); *Goodwin v. C.N.J., Inc.*, 436 F.3d 44, 50 (1st Cir. 2006) ("Money damages are not an option for private parties suing under Title III of the ADA."). As stated above, Plaintiff only seeks monetary damages. (Filing No. 1 at CM/ECF p. 8.) Thus, Plaintiff's claims under Title III must also be dismissed.

### D. Plaintiff's State Law Claims

Liberally construing the Complaint, Plaintiff may also have claims for violations of state law. The court declines to exercise supplemental jurisdiction over these claims because it has dismissed all claims over which it had original jurisdiction. 28 U.S.C. § 1367(c)(3). However, the court will dismiss Plaintiff's Complaint without prejudice to reassertion in the proper forum.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint (filing no. 1) is dismissed without prejudice to reassertion in the proper forum.

2. A separate Judgment will be entered in accordance with this Memorandum and Order.

August 29, 2008.                    BY THE COURT:

                                    *s/Richard G. Kopf*
                                    United States District Judge